IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: MICHAEL ALLAN MCNEIL | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| _____ | * | Adversary Proceeding No. 12-783 |
| MICHAEL ALLAN MCNEIL | * | |
| Plaintiff | * | FILED |
| v. | * | NOV 1 4 2012 |
| STEPHEN A. DRAZIN | * | U.S. BANKRUPTCY COURT DISTRICT OF MARYLAND GREENBELT |
| Defendant | * | |

*****************************************************************

## COMPLAINT

COMES NOW, the Plaintiff, Michael A. McNeil, the Debtor, and Debtor-In-Possession ("Debtors" or "Plaintiff") representing himself, and files this Complaint Avoid Lien and Preferential Transfer against the Defendant Stephen A. Drazin, and states the following:

## FACTS

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§105, 547 and 550.

2. Venue in this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. This Complaint is a core proceeding pursuant to 28 U.S.C. §157(b)(2) arising out of and

relating to the Chapter 11 case of the Debtor, which is currently pending in this Court.

## THE PARTIES

4. The Plaintiff is a citizen of Columbia, Howard County, Maryland and he is a Debtor under Chapter 11 of Title 11 of the United States Code.

5. The Defendant is Stephen Drazin is a citizen of Maryland and is an attorney who's office is located in Howard County, Maryland, who had represented the Plaintiff's estranged wife in McNeil v. McNeil in Howard County Circuit Court and was awarded attorney's fees by that same court.

## FACTS COMMON TO ALL COUNTS

6. The Debtor Filed his original petition for bankruptcy protection in this Court on May 10, 2012.

7. The Debtor is a Debtor-in-Possesion.

8. The Debtor's property is located at 4721 Middle Court Ellicott City, Howard County, Maryland.

9. The Debtor has a 50% interest in the aforementioned property per the Judgment of Absolute Divorce entered on December 27, 2010 by the Howard County Circuity Court. (case no. 13C08075254)

10. The Debtor to the date of this filing is still a title owner of this property.

11. The Circuit Court For Howard County Maryland entered judgment in favor of the Defendant against the Plaintiff in the amount of $36,788.26 on December 27, 2012 (case no. 13C08075254)

    COUNT I (Avoidance of Preferential Transfer 11 U.S.C. §547)

12. The Circuit Court For Howard County Maryland, index/recorded the judgment date on

April 24, 2012 for $36,788.26.  (case no. 13C08075254)

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFER 11 U.S.C. §547

13. The allegations of paragraphs 1-12 above are alleged and incorporated herein by reference.

14. A preferential transfer is defined by the Bankruptcy Code as follows:

   [A]ny transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
      (A) on or within 90 days before the date of the filing of the petition…and
   (5) that enables such creditor to receive more than such creditor would receive if—
      (A) the case were a case under chapter 7 of this title;
      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
   (11 U.S.C. §547 (in part))

15. The entry of the judgment (the "Judgment")  on April 24, 2012 in Howard County, Maryland resulted in a lien being placed on all the Debtor's real property located in Howard County, Maryland.

16. The entry of the Judgment was for the benefit of the Defendant.

17. The entry of the Judgment was for an antecedent debt owed by the Debtor before such transfer was made.

18. The transfer was made while the Debtors were insolvent.

19.  The Debtor is presumed to have been insolvent at the time of the transfer pursuant to 11 U.S.C. §547(f) since the transfer occurred within 90 days of the Petition Date.

2011-11-14 McNeil v. Drazin.odt

20. The transfer would allow the Defendant to receive 100% of its claim. The Defendant would receive less than 100% of its claim in a case under chapter 7.

21. The defendant will receive less than 100% of its claim under a confirmed Chapter 13 plan to be filed in this case.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an order avoiding the Defendant's judicial lien as a preferential transfer and allow for treatment of the Defendant's entire claim as an allowed general unsecured claim in this case and for such other and further relief as this Honorable Court deems just and proper.

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com