IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: MICHAEL ALLAN MCNEIL | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| _____ | * | Adversary Proceeding No. 12-00783 |
| MICHAEL ALLAN MCNEIL | * | |
| Plaintiff | * | |
| v. | * | |
| STEPHEN A. DRAZIN | * | |
| Defendant | * | |

*********************************************************************

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Michael A. McNeil, the Debtor, and Debtor-In-Possession ("Debtors" or "Plaintiff") representing himself and asks this to hold proceedings to determine the validity, priority, or extent of a lien or other interest in property that the Defendant may or may not have along with the dischargeability of his claims in bankruptcy.

## FACTS
## JURISDICTION AND VENUE

1. This Adversary Proceeding is brought pursuant to FRPB 7001 (2) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interests of the various claims of Defendant submitted to this court in the Plaintiff's main Bankruptcy Case.

2. This Adversary Proceeding is brought pursuant to FRPB 7001 (2) seeking an order, judgment and decree from this Court determining the validity, priority, and extent of any liens, claims, encumbrances, and interests, including any interests of the various claims of Defendant submitted to this court in the Plaintiff's main Bankruptcy Case.

3. This Adversary Proceeding is also brought pursuant to FRPB 7001(6) a proceeding to determine the dischargeability of a debt claimed owed to Defendant.

4. This Adversary Proceeding is also brought pursuant to FRPB 7001 (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing;

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §§105, 547 and 550.

6. Venue in this proceeding is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

7. This Complaint is a core proceeding pursuant to 28 U.S.C. §157(b)(2) arising out of and relating to the Chapter 11 case of the Debtor, which is currently pending in this Court.

2011-11-14 McNeil v. Drazin-1.odt

## THE PARTIES

8. The Plaintiff is a citizen of Columbia, Howard County, Maryland and he is a Debtor under Chapter 11 of Title 11 of the United States Code.

9. The Defendant is Stephen Drazin is a citizen of Maryland and is an attorney who's office is located in Howard County, Maryland, who had represented the Plaintiff's estranged wife in McNeil v. McNeil in Howard County Circuit Court and was awarded attorney's fees by that same court.

## FACTS COMMON TO ALL COUNTS

10. The Debtor Filed his original petition for bankruptcy protection in this Court on May 10, 2012.

11. The Debtor is a Debtor-in-Possesion.

12. The Debtor's property is located at 4721 Middle Court Ellicott City, Howard County, Maryland.

13. The Debtor has a 50% interest in the aforementioned property per the Judgment of Absolute Divorce entered on December 27, 2010 by the Howard County Circuity Court. (case no. 13C08075254)

14. The Debtor to the date of this filing is still a title owner of this property.

15. The Circuit Court For Howard County Maryland entered judgment in favor of the Defendant against the Plaintiff in the amount of $36,788.26 on December 27, 2012 (case no. 13C08075254)

COUNT I (Avoidance of Preferential Transfer 11 U.S.C. §547)

16. The Circuit Court For Howard County Maryland, index/recorded the judgment date on

April 24, 2012 for $36,788.26. (case no. 13C08075254)

17. The Defendant is claiming is also claiming that the monies ordered by the Howard County Circuit Court is a Domestic Support Order in accordance with the Bankruptcy Code.

18. The Defendant is not a spouse of the Plaintiff's child, nor his child's parent, nor is he any of the Plaintiff's legal guardian, or a responsible relative of the Plaintiff's children, nor is he a government entity. Additionally, none of the monies that he is claiming is recoverable by the aforementioned persons or entity.

19. The monies owed to the Defendant do not meet Section 101(14A)'s definition of a support obligation.[1]

20. It should be noted, that Section 101(14A) was put in as part of Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

21. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") of section 101(14A) Congress codified the definition of "Domestic Support Order" where before the definition was determined by the Judiciary.

---

[1] Section 101(14A) of the Code states:
The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by--
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
    (ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

## COUNT 1 - AVOIDANCE OF PREFERENTIAL TRANSFER 11 U.S.C. §547

22. The allegations of paragraphs 1-21 above are alleged and incorporated herein by reference.

23. A preferential transfer is defined by the Bankruptcy Code as follows:

> [A]ny transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>     (A) on or within 90 days before the date of the filing of the petition ... and
> (5) that enables such creditor to receive more than such creditor would receive if—
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
>
> (11 U.S.C. §547 (in part))

24. The entry of the judgment (the "Judgment") on April 24, 2012 in Howard County, Maryland resulted in a lien being placed on all the Debtor's real property located in Howard County, Maryland.

25. The entry of the Judgment was for the benefit of the Defendant.

26. The entry of the Judgment was for an antecedent debt owed by the Debtor before such transfer was made.

27. The transfer was made while the Debtors were insolvent.

28. The Debtor is presumed to have been insolvent at the time of the transfer pursuant to 11 U.S.C. §547(f) since the transfer occurred within 90 days of the Petition Date.

29. The transfer would allow the Defendant to receive 100% of its claim. The Defendant

would receive less than 100% of its claim in a case under chapter 7.

30. The defendant will receive less than 100% of its claim under a confirmed Chapter 13 plan to be filed in this case.

**WHEREFORE**, the Plaintiff respectfully requests as to **Count 1** that this Court enter an order avoiding the Defendant's judicial lien as a preferential transfer and allow for treatment of the Defendant's entire claim as an allowed general unsecured claim in this case and for such other and further relief as this Honorable Court deems just and proper.

## COUNT 2 – THE DEFENDANT DOMESTIC SUPPORT CLAIM

31. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-30 above.

32. The Defendant claim is not a "Domestic Support Order" as defined by Congress. And therefore is not a priority "Domestic Support Order" claim.

**WHEREFORE**, the Plaintiff ask that this court as to **Count 2** to determined that the Defendant's claims are not a Domestic Support Order Claims, and ordered that the Defendant's claims be denied as Domestic Support Order claims, along with ordering any such relieve that his court can grant to further the cause of justice.

## COUNT 3 – CONSERNING THE DISCHARGEABILITY OF THE DEFENDANT'S CLAIM

33. The Plaintiffs re-allege and incorporate by reference herein all of the allegations contained in paragraphs 1-32 above.

34. The Defendant claim is not a "Domestic Support Order" as defined by Congress. And therefore is not a priority "Domestic Support Order" claim.

35. The Defendant has claimed that his claims can not be discharged in bankruptcy but must be paid 100% in full.

**WHEREFORE**, the Plaintiff ask that this court as to **Count 3** to Order that the Defendant's claims are not "Domestic Support Order" and that they can be discharged in bankruptcy along with ordering any such relieve that his court can grant to further the cause of justice.

_____
Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com