IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>**MICHAEL A. McNEIL**<br><br>*Debtors* | **Case No.:** 12-18903 DER<br>Chapter 13 |
| **MICHAEL A. McNEIL**<br>*Plaintiff*<br>v.<br>**STEPHEN A. DRAZIN**<br>*Defendant* | **Adversary No.:** 12-00783 |

## MOTION TO DISMISS ADVERSARIAL ACTION

The Defendant: Stephen A. Drazin, by and through his attorney Cary C. Jacobson, hereby files this Motion to Dismiss (with prejudice) the Adversarial Action as contained within the Plaintiff's Amended Complaint as follows:

1.) The Debtor/Plaintiff, Michael Allan McNeil (hereinafter the "Debtor" or "McNeil") filed his Amended Adversarial Complaint containing three Counts (See Doc.No.: 14).

2.) Count One of the Debtor's Amended Complaint seeking an avoidance of lien was disposed of, in open Court, on January 9, 2013 (See Doc. No.: 16).

3.) Count Two of the Debtor's Amended Complaint seems to seek a declaratory ruling from this Court that Defendant's Claim No.: 5 is either not a Domestic Support Obligation ("DSO") or a Priority Claim.

4.) Count Three of the Debtor's Amended Complaint seems to repeat that which is within Debtor's Count Two but then seems to seek a declaratory ruling from this Court that, if

        this Court deems Defendant's Claim No.: 5 is either not a DSO or Priority Claim, Defendant's Claim No.: 5 does not have to be fully paid during the duration of the Debtor's Plan.

5.) Debtor previously filed an objection to Defendant's Claim No.: 5 and, at the hearing thereon, this Court ruled that Defendant's Claim No.: 5 was in the nature of a DSO and was a Priority Claim (See Doc.No.: 80).

6.) The Debtor timely filed an Appeal to this Court's Order as referenced within paragraph 5 above (See Doc.No.: 178).

7.) The doctrine of *res judicata* (or collateral estoppel) now applies to this matter.

8.) Defendant Drazin believes and adopts that within Defendant Markuski's Memorandum of Law (filed in collateral action by the Debtor against Mr. Markuski – See Doc. No.: 7-1 within Adversarial Case No.: 12-00829); specifically, that:

    "… a complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where, under any set of facts assumed from the allegations in the complaint, the plaintiff would not be entitled to relief. *Mylan Lab, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 114S. Ct. 1307 (1994); *Blackwell v. Mayor and Comm'rs of Delmar*, 841 F. Supp. 151, 154 (D. Md. 1993). While reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements of recovery. *Federal Savings & Loan Ins. Corp. v. Williams*, 599 F. Supp. 1184 (D. Md. 1984); *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 461 (D.D.C. 1994). Further, "[t]he Court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Jaguar Technologies, Inc. v. Cable-LA, Inc.*, 229 F.Supp.2d 453, 455 (D. Md. 2002) (citations omitted). *Faulkner Adver., Inc. v. Nissan Motor Corp.*, 945 F.2d 694, 695 (4th Cir. 1991) ("[S]elf-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint"). The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *See Republication Party of North*

*Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When reviewing a motion to dismiss, courts typically do not consider facts outside of the complaint, as the court's inquiry is limited to whether plaintiff's allegations constitute a short and plan statement of claim showing that he is entitled to relief. *See Colleton Regional Hosp. v. MRS Medical Review Systems, Inc.*, 866 F.Supp. 891, 893 (D.S.C. 1994). However, certain matters not actually contained in the complaint may be considered without the need for conversion of the motion to one for summary judgment. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312) (4th Cir. 1995), *judgment vacated on other grounds*, 517 U.S. 1206; *on remand to* 101 F.3d 325 (4th Cir. 1996); 5A C. Wright & A. Miller, Federal Practice & Procedure, §1357 at 299 (2nd ed. 1990) (The Court primarily considers the allegations in the complaint although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account). Notwithstanding the general rule that affirmative defenses should not be considered on a motion to dismiss, the Fourth Circuit allows defenses to be considered if they clearly appear on the face of the complaint. *See Richmond, Fredericksburg & Potomac R. Co. v. Forst* 4 F.3d 244, 250 (4th Cir. 1993). Defenses such as *res judicata* and collateral estoppel may also be considered on a motion to dismiss, and the Court may take judicial notice of prior judicial proceedings, over which there is no disputed material fact. *See Hall v. St. Mary's Seminary & University*, 608 F.Supp.2d 679 (D. Md. 2009), aff'd 378 Fed. Appx. 326 (4th Cir. 2010); *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994)."

9.) Defendant Drazin adopts (in its entirety) the Legal Argument and Analysis, as stated by Defendant Markuski within the above referenced Memorandum of Law, and reiterates the Conclusion therein; paraphrased as follows:

> The facts and legal arguments propounded by McNeil in his Objection to Drazin's Claim No.: 5, and in support of Confirmation of his Chapter 13 Plan, are exactly the same as set forth in his Second Amended Complaint. This Court, after an evidentiary hearing, has ruled Drazin's Claim (No.: 5) constituted a Domestic

      Support Obligations, which dictates both the priority and dischargeability of the claim. McNeil's Second Amended Complaint in essence requests this Court to relitigate the very same issues previously adjudicated by this Court, and are barred by collateral estoppel.

10.) Lastly, on January 10, 2013, this Court denied Debtor's proposed Second Amended Chapter 13 Plan <u>without</u> leave to Amend.

11.) The Debtor's underlying Chapter 13 Bankruptcy action is now pending dismissal.

12.) As restated within <u>In re Erwin A. Porgis</u>, 44 F.3d 159 (2nd Cir, 1995), "the general rule [is] that related [adversarial] proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case. This general rule favors dismissal because a bankruptcy's court jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case."

13.) Within <u>Porgis</u>, the Court noted that 11.U.S.C. Sec. 349 allowed the Bankruptcy Court to retain jurisdiction over an adversarial proceeding "for cause." No "good cause" or even "cause" exists in this matter.

WHEREFORE, Defendant Drazin respectfully requests that this Court grant his Motion to Dismiss the Second Amended Complaint with prejudice and without leave to amend, and grant Defendant Drazin his costs expended in this action and any further relief the Court deems just and proper.

Respectfully Submitted,

<u>/s/ Cary C. Jacobson</u>
Cary C. Jacobson (Bar No.: 29300)
The Drazin Law Center, P.A.
10420 Little Patuxent Parkway, Suite 100
Columbia, MD 21044
CJacobson@DrazinLaw.com
410-730-6536