IN THE  UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**Baltimore Division**

| | | |
|---|---|---|
| **RE: MICHAEL ALLAN MCNEIL** | * | **Case No.  12−18903 DER** |
| **Debtor** | * | **Chapter 7** |
| _____ | * | **Adversary Proceeding No. 12−00783** |
| **MICHAEL ALLAN MCNEIL** | * | |
| **Plaintiff** | * | |
| **v.** | * | |
| **STEVEN A. DRAZIN** | * | |
| **Defendant** | * | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S ANSWERS AND OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS ADVERSARY ACTION

This Memorandum of Law is filed in support of the Plaintiff's  and opposition to the

Defendant's Motion to Dismiss Adversary Action  submitted to this court by the Defendant.



FILED

JAN 3 0 2013

BANKRUPTCY
DISTRICT OF MD
GREENBELT

1

## I. FACTS

On September 11, 2012, the Defendant, Stephen A. Drazin files his Proof of Claim 5-1 . The Defendant on his claim form indicates that it is a priority claim under section 507(a)(1)(A) or (B) of the Bankruptcy Code (paragraph 5 of the claim form), and that he is also owed interest (paragraph 1 and 2 of the claim form). Interesting enough he does not claim that his claim is a secure claim. (paragraph 4 of the claim form). It also should be noted that the Plaintiff on his Schedule E did not list the Defendant as a priority Domestic Support Order Claim or as a Secure Claim. (Case No. 12–18903/ECF 31 page 5/, Case No. 12–18903/ECF 18 page 12/)

On September 24, 2012 the Plaintiff files an Objection to Proof of Claim for Claim 5-1 (Case No. 12–18903 ECF 80). In the Plaintiff's objection, the Plaintiff raise an issue as to the fact that Defendant was not entitled to interest in that MD Rule 2-604 requires an entry of a judicial lien before a judgment creditor can be entitled to interest. Which the Defendant claim did not state that there was any kind of lien against the Plaintiff's property. Therefore, the claim for interest was fraudulent.

Additionally, the Plaintiff did not bring up the matter of Domestic Support Obligation in his objection, believing that priority and or extent of lien must be determined in a Adversary Proceeding in accordance with the Bankruptcy Code. The Defendant brought out the issue of Domestic Support Obligation in his response. On November 7, 2012 a hearing was heard and the Bankruptcy Court sustain the Plaintiff's Objection in part and denied it in part and stated the following in its written order: (Case No. 12–18903 ECF 160)

On November 14, 2012, the Plaintiff files his original complaint in this matter with only one count asking this court avoid a preferential transfer which occurred 90 days prior to the

2

Plaintiff filing bankruptcy. The Defendant subsequently filed a motion to dismiss which was denied. The Plaintiff subsequently filed a motion to amend his complaint with two more counts concerning priority and dischargeablity. Later at at the pre-trial conference hearing the Plaintiff and Defendant Settled as to Count 1 of the Plaintiff complaint and the order in favor of the Plaintiff concerning count 1 on December 19, 2012 (ECF 11).

On January 4, 2013 this court granted the Plaintiff's motion to amend his complaint as to the addition counts which is before this court.

On January 14, 2013, the Defendant files his motion to dismiss based off the doctrine of res judicata or collateral estoppel.

## II  STANDARD OF REVIEW

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) where, under any set of facts assumed from the allegations in the complaint, the plaintiff would not be entitled to relief. Mylan Lab, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 114 S. Ct. 1307 (1994); Blackwell v. Mayor and Comm'rs of Delmar, 841 F. Supp. 151, 154 (D. Md. 1993). While reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements of recovery. Federal Savings & Loan Ins. Corp. v. Williams, 599 F. Supp. 1184 (D. Md. 1984); Wiggins v. Philip Morris, Inc., 853 F. Supp. 458, 461 (D.D.C. 1994). Further, "[t]he Court need not, however, accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." Jaguar Technologies, Inc. v. Cable-LA, Inc., 229 F.Supp.2d 453, 455 (D. Md. 2002) (citations omitted). Faulkner Adver., Inc. v. Nissan Motor Corp., 945 F.2d 694, 695 (4th Cir. 1991) ("[S]elf-serving, inaccurate legal

conclusions cannot rescue a factually deficient complaint"). The function of a motion to dismiss is to test "the sufficiency of a complaint; importantly it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." See Republication Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

When reviewing a motion to dismiss, courts typically do not consider facts outside of the complaint, as the court's inquiry is limited to whether plaintiff's allegations constitute a short and plan statement of claim showing that he is entitled to relief. See Colleton Regional Hosp. v. MRS Medical Review Systems, Inc., 866 F.Supp. 891, 893 (D.S.C. 1994). However, certain matters not actually contained in the complaint may be considered without the need for conversion of the motion to one for summary judgment. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312) (4th Cir. 1995), judgment vacated on other grounds, 517 U.S. 1206; on remand to 101 F.3d 325 (4th Cir. 1996); 5A C. Wright & A. Miller, Federal Practice & Procedure, §1357 at 299 (2nd ed. 1990) (The Court primarily considers the allegations in the complaint although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account).

Notwithstanding the general rule that affirmative defenses should not be considered on a motion to dismiss, the Fourth Circuit allows defenses to be considered if they clearly appear on the face of the complaint. See Richmond, Fredericksburg & Potomac R. Co. v. Forst 4 F.3d 244, 250 (4th Cir. 1993). Defenses such as res judicata and collateral estoppel may also be considered on a motion to dismiss, and the Court may take judicial notice of prior judicial proceedings, over which there is no disputed material fact. See Hall v. St. Mary's Seminary & University, 608 F.Supp.2d 679 (D. Md. 2009), aff'd 378 Fed. Appx. 326 (4th Cir. 2010); Thompson v. County of Franklin, 15 F.3d 245, 253 (2d Cir. 1994).

4

**III ARGUMENT**

The Plaintiff in his Objection To Claim (Case No. 12−18903/ECF 80) clearing only objected on the following grounds:

- That the Defendant's Claim was not a secure claim based on the face of the Defendant's claim and therefore not entitled to interest. (Meaning the Defendant did not even state it was a secure claim, and in Maryland a judicial lien is required for interest to be part of a judgment.  See paragraph 4 Claim 5-1)

- That the Defendant's Claim documents did not give evidence that a entry for judgment was entered in accordance with MD Rule 2-604 and therefor there can be no interest.

- That the Defendant's Claim did not show where the Plaintiff had made payments against the monies owed.

- That the Defendant's Claim was fraudulent since it claimed interest whereas he had nothing in the claim showing that he was entitled to interest.

The Defendant in his response to the Plaintiff's objection then informed the court that only the award for attorney's fees was reduced to a judgment on April 24, 2012 (Case No. 12−18903/ECF 125 page 2) which in fact meant that all the Plaintiff's allegation were true and admitted to by the Plaintiff, whereas at that time all the court had to do was to sustain the Plaintiff's objection and reject the claim and or permit the Defendant to amend his claim.

5

However, since the Defendant in his response to the Plaintiff's objection brought out the issue of priority in his response, the court then "sua sponte" ruled that the Defendant's claim was a priority domestic support obligation. (Case No. 12-18903/ECF 160 page 2)

> ORDERED, that the Objection to Claim No. 5 is DENIED IN PART and Claim No. 5 is ALLOWED, after reduction for the proper interest calculation, as a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1) in the debtor's Chapter 13 plan; and it is further,

Interesting enough, after it was found out in the hearing on November 7, 2012 that there existed a lien that was placed on the Plaintiff's property on April 24, 2012, the Plaintiff made mentioned that it should be avoided since it was within the 90 day of the Plaintiff's bankruptcy petition. However the court rightly informed the Plaintiff that the matter of lien avoidance was not rightly before the court which the Plaintiff agree with, in as much that the matter of priority was not rightly before the court. (ECF 213 page 47/Appendix A.111)

> MR. McNEIL: Your Honor, Ms. Jacobson showed me the documents she had and you know, it looks like there was a secured claim for the $36,788 that was due at the 12/27/10 judgment of absolute divorce -- I mean on the April 24, 2012. I have -- with that said, I believe that the claimant needs to re-adjust their interest to reflect interest beginning on April 24, 2012. Also I fully intend to file a motion to void. This means that it falls within the 90 day window of the --- bankruptcy. So I think in the end the interest will be canceled out and it won't be a secured claim –
>
> THE COURT: That may be, but it is not before the Court today.

With the above said, do to the facts that the matter of priority was not rightly before the court in the same way that matter of lien avoidance was not rightly before the court, the bankruptcy court should have not made a ruling concerning priority and should have sustain the

Plaintiff's objection to claim. After all Rule 7001 requires an Adversary Proceeding[1] to determine extend of a lien and or priority of a claim which the hearing that was being conducted was not an Adversary Proceeding which required a different due process procedures.

Here, the bankruptcy court should have simply sustain the Plaintiff's objection and perhaps give the Defendant leave to amend. At worst, the bankruptcy court should have been only able to overrule the Plaintiff's objection and made no determination as to the priority of claim.

In any event, the Plaintiff with his current understanding of the Rule 7001 filed this current complaint for relief asking the court to avoid the Defendant's lien, which was brought up

---

1 Rule 7001 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), [1](a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

before the court on November 7, 2012, which this court rightly instructed the Plaintiff that issue of lien avoidance was not rightly before the court, which the Plaintiff contends now that issue of priority or extent of lien was not rightly before the court per Rule 7001, since an Adversary Proceeding is required to determine both of them.

As stated before, in this Adversary Proceeding this court has already dispose of the matter of lien avoidance in favor of the Plaintiff and the Defendant's lien has been avoided, and now the issue of priority and dischargeablity is rightly before this court in the proper proceeding.

The Defendant in his motion to dismiss alleges and argues that doctrine of res judicata and collateral estoppel bars the Plaintiff's complaint.

The Plaintiff agrees with the Defendant that the doctrines of res judicata and collateral estoppel apply to bankruptcy proceedings. However, here is where the Plaintiff departs from the Defendant. According to FRPB 7001 certain matters can only be heard before this court via an Adversary Proceeding. And in fact, all the issues brought to this court via this Adversary Proceeding are all issues that can only be determined by this court in an Adversary Proceeding. And since there has never been an Adversary Proceeding whereas the Defendant and the Plaintiff were parties, to res judicata and or collateral estoppel can not possibly be applied to any of the matters that the Plaintiff brings before this court in this Adversary Proceeding.

However, to answer any argument that Defendant might have as to whether or not an adversary proceeding occurred by him filing a claim and the Plaintiff filing his objection, the Plaintiff cites <u>Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)</u> and states that a objection to a claim does not constitute an adversary proceeding:

> The filing of a proof of claim and the debtor's objection thereto do not constitute an
> adversary proceeding,  and therefore this avenue for invoking Rule 23 was not available to

8

the appellants.  <u>Charter Co., In re, 876 F.2d 875 (C.A.11 (Fla.), 1989)</u>

In any event, if this court had found in favor of the the Plaintiff in determining priority, and or extend of the lien, the Defendant would have not been barred from filing an Adversary Proceeding against the Plaintiff due to the facts that the due process requirement are afforded in an Adversary Proceeding verse Non Adversary Proceedings.  As noted before,  matters that are listed in FBPB 7001 are required to be initiated as Adversary Proceedings only and are afforded all the  procedural requirements in an Adversary Proceeing.   In essence, since this court has not heard these matters in an Adversary Proceeding, there can be no res judicata and or collateral estoppal since there has been no prior Adversary Proceeding whereas there was a Adversary Complaint filed, a summons issued and served, a pre-trial hearing, opportunity for discovery, pre-filing of exhibits and so forth.  Since none of this was done, this matter has not been previously adjudicated fully between the litigants in accordance with the bankruptcy code.

The only thing that has been done prior to this, was there was an objection to claim, which this court should have overruled on the fact that the matters brought before court in the Objection to Claim must be determined in an Adversary Proceeding, and that if the Debtor or the Creditor wanted the court to make the determination as to the matters of priority or the extend of the lien that either the Debtor or Creditor would have to file an Adversary Proceeding complaint.

To this end, the Plaintiff give the court the following citations from the 4th and other circuits that support his argument that this court has not adjudicated the matter since it must be brought before the court via an Adversary Proceeding and not as an Objection To Claim.

The Plaintiff offers the following citations differ to that of a contested matter <u>Cen-Pen Corp. v.</u>

9

Hanson, 58 F.3d 93 (C.A.4 (Va.), 1995)

>   Here the Hansons did not take a sufficient "affirmative step" to avoid Cen-Pen's liens. Bankruptcy Rule 7001(2) expressly requires initiation of an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property," with one exception not applicable here. The procedural requirements of such an action, which include, inter alia, the filing of a complaint and service of a summons, are set out in the Bankruptcy Rules. Bankruptcy Rule 7004, for instance, governs the procedures for service of process in adversary proceedings. See In re Linkous, 990 F.2d 160, 162 (4th Cir.1993) (adequate notice to affected secured creditor is prerequisite to according preclusive effect to confirmation order under Sec. 1327).

Gentry v. Siegel, 18 Wage & Hour Cas.2d (BNA) 1235, 56 Bankr.Ct.Dec. 2, 668 F.3d 88 (4th Cir., 2012)

>   To address these issues, we begin with the bankruptcy case's procedural structure. A bankruptcy case is commenced by the filing of a petition. Fed. R. Bankr.P. 1002(a). Within the case, a creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. See Fed. R. Bankr.P. 9014 advisory committee's note; In re American Reserve, 84,0 F.2d 487 (7th Cir.1988) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed. R. Bankr.P. 7001, 7003

In re Mansaray-Ruffin, 530 F.3d 234 (3rd Cir., 2008)

>   Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr.P. 7001(2).[2] An adversary proceeding is essentially a self-contained trial— still within the original bankruptcy case— in which a panoply of additional procedures apply. See Fed. R. Bankr.P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. For example, Federal Rule of Bankruptcy Procedure 7003 adopts wholesale Federal Rule of Civil Procedure 3 and thus requires the filing of a complaint to commence an adversary proceeding. Adopting and modifying portions of Federal Rule of Civil Procedure 4, Federal

10

Rule of Bankruptcy Procedure 7004 requires the service of a summons and a copy of the complaint. Federal Rule of Bankruptcy Procedure 7012 provides that the defendant has 30 days to file an answer after the issuance of the summons and makes Federal Rule of Civil Procedure 12(b)-(h) applicable in its entirety, thus allowing, *inter alia,* all of the 12(b) defenses, motions for a more definite statement, and judgments on the pleadings. Moreover, an adversary proceeding offers the parties the same opportunity for discovery as traditional civil litigation, and the rules regarding voluntary and involuntary dismissals, default judgments, and summary judgment are identical as well. See Fed. R. Bankr.P. 7026-7037, 7041,

## IV Conclusion

The Defendant is simply in error in his belief that the matter has been previously adjudicated and the doctrines of res judica or collateral estoppal apply. The matters brought before this court in the Plaintiff's complaint can only be Adjudicated in an Adversary Proceeding, and there has never been a Bankruptcy Adversary Proceedings between the two parties in the Plaintiff's complaint. Meaning in essence, the relief requested by the Plaintiff's his previous objections to claim could have not been granted by this court via an objection to claim, and therefore, the matter could not have possibly been previously adjudicated in accordance with the rules of this court.

With this said, the Defendant's motion to dismiss based on the application of the doctrines of res judica or collateral estoppal should simply be denied.

Respectfully submitted,

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was by first class mail, postage prepaid on January 29, 2013:

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
(Council For The Defendant)

**Brian A. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093
(Chapter 7 Trustee)

**Office of The United States Trustee**
101 West Lombard Street
Suite 2625
Baltimore, MD 21201

FILED

JAN 3 0 2013

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

12

2012-01-29 Memorandum of Law In Support of Plaintiff's Opposition to Defendnant Motion To Dismiss .odt