**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | Case No. 12-18903-DER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Adv. Pro. No. 12-0783-DER |
| | ) | |
| **STEPHEN A. DRAZIN,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### ORDER DENYING REQUEST FOR CERTIFICATION

Before the court for consideration is the Request for Certification [Docket No. 37] filed

by the plaintiff, Michael A. McNeil.  Michael McNeil represents himself as the plaintiff in this

adversary proceeding.  He filed a timely Notice of Appeal [Docket No. 30] with respect to this

court's Order Granting Motion to Dismiss Counts Two and Three of the Complaint [Docket

No. 28].  By his Request for Certification, Michael McNeil asks this court to certify his appeal

for direct appeal to the United States Court of Appeals for the Fourth Circuit pursuant to

28 U.S.C. § 158(d)(2) and Rule 8001(f) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  The defendant, Stephen A. Drazin, was served with, but did not respond

to, the Request for Certification.

Bankruptcy Rule 8001(f)(3)(E) provides that a request for certification "shall be

submitted without oral argument unless the court otherwise directs."  I find that a hearing would

not aid the court in ruling on this matter.

This court should make the requested certification pursuant to 28 U.S.C.

§ 158(d)(2)(A)(i-iii)  if the appeal presents any one of following four circumstances: (1) the

appeal involves a question of law as to which there is no controlling precedent,  (2) the appeal

involves a matter of public importance, (3) the appeal involves a question of law that requires

resolution of conflicting decisions, or (4) an immediate appeal may materially advance progress

of the case or proceeding.[1]  I have considered each of the four circumstances specified in the

statute as well as the various arguments made by Michael McNeil in support of his request for

certification of this appeal, and I find that the appeal does not meet any of the four statutory

circumstances justifying certification.  Thus, the Request for Certification must be denied.

ACCORDINGLY, it is, by the United States Bankruptcy Court for the District of

Maryland, sitting at Baltimore,

ORDERED, that the Request for Certification [Docket No. 37] should be, and it hereby

is, DENIED.

---

[1]  As provided in § 158(d)(2) and Bankruptcy Rule 8001(f), this court must rule on a request for certification where (as here) the request is made by less than all of the appellants and appellees acting jointly, and the appeal has not yet been docketed in the district court.

~ 3 ~

cc:    Plaintiff – Michael A. McNeil
       Defendant – Stephen A. Drazin
       Defendant's Counsel – Cary C. Jacobson, Esq.
       Chapter 7 Trustee – Brian A. Goldman
       Assistant U.S. Trustee – Mark A. Neal

**-- END OF ORDER --**