Signed: September 03, 2013

**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | Case No. 12-18903-DER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-0783-DER |
| | ) | |
| **STEPHEN A. DRAZIN,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

By his Motion for Leave to Proceed in Forma Pauperis for Appeal filed on August 27, 2013 [Docket No. 40], Michael A. McNeil asks this court pursuant to 28 U.S.C. § 1915 to waive the requirement for payment of the fees related to his notice of appeal filed on August 13, 2013 [Docket No. 30].

Michael McNeil represents himself as the plaintiff in this adversary proceeding and as the debtor in his main bankruptcy case. He has filed an appeal from this court's Order Granting

Motion to Dismiss Counts Two and Three of the Complaint entered on July 31, 2013 [Docket No. 28]. As explained at greater length in that order, this adversary proceeding is a continuation of Michael McNeil's effort to disallow and/or obtain a discharge of the proof of claim filed by the defendant, Stephen A. Drazin. Counts Two and Three of the Complaint were dismissed because the attorney's fees awarded to Stephen Drazin by the Circuit Court for Howard County, Maryland in connection with the divorce granted to Sarah P. McNeil, Michael McNeil's ex-wife, are (i) domestic support obligations entitled to priority treatment under 11 U.S.C. § 507(a)(1), and (ii) excepted from discharge (that is, not dischargeable) under 11 U.S.C. § 523(a)(5).

Before he filed the Complaint that commenced this adversary proceeding, Michael McNeil filed an Objection in his main bankruptcy case to Stephen Drazin's claim. After an evidentiary hearing, this court allowed Stephen Drazin's claim as a domestic support obligation entitled to treatment as a priority claim [Main Case Docket No. 160]. Michael McNeil has appealed the order allowing Stephen Drazin's claim, and that appeal is pending in the United States District Court for the District of Maryland.[1] In connection with that appeal, Michael McNeil also filed a Motion for Leave to Proceed in Forma Pauperis [Main Case Docket No. 184]. That motion, like the instant one, was accompanied by an affidavit indicating that Michael McNeil's gross annual income is more than $120,000.00. After consideration of that motion, this court entered an Order Denying Motion for Leave to Proceed in Forma Pauperis on December 10, 2013 [Main Case Docket No. 201].

The instant motion must be denied for the same reason. Although some of the financial details in the affidavit supporting the motion have changed, it remains the case that Michael McNeil is employed as a network security engineer by Federal Network System LLC and that

---

[1] See McNeil v. Drazin, Civil Action No. 1:12-CV-03819-WDQ.

his gross annual income is still more than $120,000.00.  In fact, Michael McNeil acknowledges in the affidavit supporting this motion that his average monthly income for the past 12 months was $11,619.00 – that is, a gross annual income of more than $139,000.00.[2]

Regardless of whether his motion is considered under 28 U.S.C. § 1915 or under 28 U.S.C. § 1930(f), or whether this court is a "court of the United States" within the meaning of 28 U.S.C. § 1915, it is simply not appropriate for the court to exercise its discretion to waive the payment of fees by an individual with an income such as that of Michael McNeil.  Michael McNeil is far from impoverished, and based upon the information provided he is well able to arrange his financial affairs without undue hardship so that he can both pay the filing fee and other costs of this appeal, and meet his ongoing monthly living expenses.  Indeed, on July 9, 2013, Michael McNeil paid the $298.00 filing fee due on his earlier appeal from this court's order allowing Stephen Drazin's claim.

The United States Court of Appeals for the Fourth Circuit has held for purposes of requests made under 28 U.S.C. § 1915 that when exercising its discretion a court "is limited to a determination of 'the poverty and good faith of the applicant and the meritorious character of the cause in which relief was asked.'"  Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)).  For purposes of this decision, I assume that this standard is applicable whether I consider Michael McNeil's request under 28 U.S.C. § 1915 or § 1930(f).  In this context, good faith is judged by an objective

---

[2] I recognize that Michael McNeil argues his bonus compensation explains the $1,062.00 difference between his average monthly gross income for the past 12 months ($11,639.00) and his projected monthly gross income ($10,577.00).  He also places much emphasis on the fact that he projects his average monthly expenses ($11,341.00) will exceed his monthly gross income.  After payment of his projected tax and alimony obligations, however, Michael McNeil's projected monthly gross income yields him a net monthly income of $2,815.00 (that is, $10,577.00 minus $3,312.00 and $4,450.00).  A monthly income of $2,815.00 is an amount that far exceeds the income level at which this court would be permitted to consider waiver of filing fees under 28 U.S.C. § 1930(f)(1).

standard and is demonstrated when appellate review is sought for any issue that is not frivolous. Adam v. Wells Fargo Bank, 2011 W.L. 4592401 (D. Md. Sep. 30, 2011) (citing Coppedge v. U.S., 369 U.S. 438, 444-45 (1962)).  Because I find that Michael McNeil is not impoverished and is able to pay the filing fee and other costs of this appeal,[3] I need not consider whether his appeal is taken in good faith.

Accordingly, it is by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the debtor's Motion for Leave to Proceed in Forma Pauperis for Appeal [Docket No. 40] should be, and it hereby is, DENIED; and it is further,

ORDERED, that Michael A. McNeil shall pay the filing fee of $298.00 for his notice of appeal on or before twenty-eight (28) days after the date on which this order is entered.

cc:     Plaintiff – Michael A. McNeil
        Defendant – Stephen A. Drazin
        Defendant's Counsel – Cary C. Jacobson, Esq.
        Chapter 7 Trustee – Brian A. Goldman
        Assistant U.S. Trustee – Mark A. Neal

**-- END OF ORDER --**

---

[3] Courts generally consider a three-prong test for purposes of determining whether a litigant is impoverished for the purposes at issue here – namely:  "(1) Is [the litigant] barred from the Federal Courts by the reason of his impecunity?  (2) Is access to the courts blocked by the imposition of an undue hardship? (3) Is [the litigant] forced to contribute his last dollar, or render himself destitute to prosecute his claim?"  Carter v. Telectron, Inc., 452 F. Supp. 939, 943 (S.D. Tex. 1976) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1941)).  I have considered each of these factors and find none of them applicable here.